# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3087-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL ACUNA, a/k/a
MICHAEL S. ACUNA,

    Defendant-Appellant.

_____

Submitted March 19, 2024 – Decided March 26, 2024

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 16-09-1153.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Steven J. Sloan, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (K. Charles Deutsch, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael Acuna appeals from the Law Division's May 2, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On November 13, 2014, a Bergen County grand jury charged defendant with third-degree stalking in violation of a court order, N.J.S.A. 2C:12-10(c); fourth-degree criminal mischief, N.J.S.A. 2C:17-3(a)(1); and fourth-degree criminal contempt, N.J.S.A. 2C:29-9(a). On September 20, 2014, defendant violated a no-contact order entered by the North Arlington Municipal Court as a condition of his bail by confronting the victim, E.K.,[1] at her workplace and demanding to know why she was "ruining his life."

Defendant pled guilty on May 15, 2015 to the stalking charge but moved to withdraw his guilty plea on the day of his sentencing. The sentencing judge granted defendant's motion and the case proceeded to a jury trial. During jury selection, however, the State alleged defendant had committed additional offenses against E.K. As a result, defendant's trial was adjourned, and he was charged in a superseding indictment with another count of third-degree stalking, and two more counts of fourth-degree criminal contempt.

---

[1] We use initials to protect the victim's privacy. R. 1:38-3(f)(4).

Defendant later entered a guilty plea to count one of the superseding indictment, third-degree stalking. In exchange for his plea, the State agreed to recommend a sentence of five years of probation conditioned on 364 days in jail, and agreed to dismiss the remaining counts of the superseding indictment, and all three counts of the original indictment.

At the outset of the plea hearing on October 3, 2016, defendant's counsel explained defendant was "reluctant" to plead guilty to the stalking charge and contended there was "outstanding discovery," specifically CDs, containing forensic analysis of defendant's computer and phone. After the State informed the court the CDs and accompanying report were "on their way," to address the issues, Judge Christopher R. Kazlau adjourned the proceeding for over an hour.[2]

When the hearing resumed, the parties placed the terms of the plea agreement on the record. While doing so, defendant informed the court he had not discussed the underlying police reports or "potential defenses" with his plea counsel, nor had he sufficiently consulted with her before the hearing. Judge

---

[2] In a subsequent proceeding, the State represented to Judge Kazlau that the CDs and report merely contained what its expert testified to before the grand jury, and as such, defendant was already aware of the contents. Additionally, defendant's counsel acknowledged on the record this discovery did not contain any exculpatory evidence.

Kazlau again adjourned the proceeding to permit defendant to speak to and discuss the plea with his counsel.

Approximately two hours later, the hearing resumed and defendant confirmed he discussed "the facts and circumstances of the case" with his counsel and reviewed "the police and investigation reports," and "discovery." He also informed the court his counsel answered all of his inquiries and was satisfied with her representation of him.

Defendant also confirmed he understood the terms of the plea and was not under the influence of any "drugs, alcohol, or medication that would affect [his] ability to understand" the proceedings. He also confirmed he was entering the plea voluntarily and it was not the result of coercion. In addition, defendant admitted his guilt to third-degree stalking, and understood by pleading guilty, he was relinquishing certain of his rights. Defendant also acknowledged he reviewed the plea form with his counsel, understood and answered all of the questions contained therein and his responses were accurate.

Defendant asked if he could later "take back the plea" in the event of a "legitimate reason" to go to trial. The following colloquy thereafter occurred:

> COURT: No, after today -- you have to make your decision today, okay? . . . If you decide you want to plead guilty today and you are able to give me an adequate factual basis for the conduct that you did and

that satisfied what we call the elements of the crime of stalking and you understood all of the nature and consequences of your guilty plea and you were telling me the truth . . . and I accepted your guilty plea, I'd set it down for sentencing and you'd come back for sentencing on that day.

DEFENDANT:  Okay, I understand.  That's fine.

COURT: Okay?  Do you still want to proceed with your guilty plea?

DEFENDANT:  I do.

COURT:  Are you – I'm going to ask you again: Are you telling me the truth that you're guilty of committing the crime of stalking against the alleged victim in this case?

DEFENDANT:  Yes.

COURT:  Are you absolutely sure you want to plead guilty?

DEFENDANT:  Yes.

. . .

COURT:  Have you understood everything that we've talked about on the record thus far?

DEFENDANT:  Yeah, I have.

COURT:  Are you sure?

DEFENDANT:  Positive.

A-3087-21

COURT: Do you have any other questions? It's okay if you have other questions; I will sit here as long as you want me to and do the best I can to answer your questions.

DEFENDANT: I'm fine. I'm good. Thank you.

COURT: All right. Do you still want to plead guilty?

DEFENDANT: I do.

The day before his scheduled sentencing proceeding, defendant again sought to withdraw his guilty plea. He argued, without a supporting certification, that at the time of his plea hearing he was not taking his prescribed medication, specifically Wellbutrin, which rendered him susceptible to poor decision-making and impulsivity. He also alleged his mother pressured him, as she did previously, to plead guilty. After considering defendant's representations, Judge Kazlau placed him under oath, and when he was asked whether his medication "assisted [him] in understanding what's going on," defendant replied "I think it makes it easier to cope with what I'm going through."

Judge Kazlau denied defendant's motion and determined that defendant entered his plea knowingly and voluntarily. In reaching his decision, the judge

6

considered the four Slater[3] factors and found each weighed against granting defendant's application to withdraw his plea.

On May 5, 2017, defendant was charged in a separate accusation with an additional count of fourth-degree criminal contempt based on his violation of the court's no-contact order when he again called E.K., emailed her, and contacted her on social media. Defendant pled guilty to the accusation, and when doing so affirmed he was not under the influence of any "drugs, alcohol, or medication that would affect [his] ability to understand" the proceedings. He also stated although he was not taking his prescribed medication, that fact did not impact or affect his ability to plead guilty. Defendant also acknowledged he understood the terms of the plea, admitted his guilt, understood his rights, and was entering the plea freely, voluntarily, and it was not coerced.

Defendant was thereafter sentenced with respect to his plea related to the June 2016 superseding indictment and the 2017 accusation on the same day he pled guilty to the new accusation. Judge Kazlau sentenced defendant—consistent with the plea agreement—to a five-year probationary sentence with several conditions, including a no-contact order and 364 days in jail as to the stalking charge under the June 2016 superseding indictment, to run concurrent

---

[3] State v. Slater, 198 N.J. 145 (2009).

A-3087-21

to his sentence for the contempt charge under the May 2017 accusation for which defendant also received a five-year probationary, term with 364 days in jail.

Defendant did not file a direct appeal. Instead, he filed a timely PCR petition in which he asserted various grounds for relief. Specifically, defendant asserted he provided his attorneys with proof of his innocence, but they failed to present it to the court. Defendant also argued the forensic analysis of his computer and cellphone was not made available to him prior to the May 5, 2017 plea offer, depriving him of necessary "context," and diminishing his ability to assert a defense. Additionally, defendant stated he was represented by several different attorneys since 2014, including two public defenders, and argued their representation of him was constitutionally ineffective due to personal differences, attorney turnover, and the failure to provide the court with defendant's attention deficit hyperactivity disorder (ADHD)/attention deficit disorder (ADD) diagnosis. Finally, defendant argued his actions were not criminal.

Additionally, in a separate certification, defendant contended his plea counsel's representation was ineffective because she: 1) failed to investigate and develop applicable defenses; 2) ignored evidence of his innocence; 3) pressured him into pleading guilty; 4) permitted him to plead guilty despite

8

failing to take his prescribed Wellbutrin for ADHD, and as such was not thinking clearly; and 5) rejected his intent to proceed to trial to establish his innocence.

Defendant thereafter filed a counseled brief in which he reprised the arguments contained in his petition and certification and further contended his plea counsel was constitutionally ineffective under the two-part test established in Strickland v. Washington, 466 U.S. 668, 687 (1984),[4] as she pressured defendant to plead guilty prior to receiving full discovery from the State and failed to develop defenses. Defendant argued such errors, coupled with the effects of him not taking his prescribed Wellbutrin, resulted in pleas that were neither knowing nor voluntary.

Judge Kazlau heard oral arguments and denied defendant's petition without an evidentiary hearing and issued a comprehensive May 2, 2022 written opinion explaining the reasons for his decision. The judge found defendant did not establish either the performance or prejudice prongs of Strickland, as he "failed to demonstrate that his attorney's performance at the 2016 plea was

---

[4] To establish ineffective assistance of counsel, a convicted defendant must satisfy the two-part test enunciated in Strickland, 466 U.S. at 687, by demonstrating that: 1) counsel's performance was deficient, and 2) the deficient performance actually prejudiced the accused's defense. The Strickland test has been adopted for application under our State constitution. See State v. Fritz, 105 N.J. 42, 58 (1987).

defective and that but for counsel's unprofessional errors the result would have been different." The judge noted although defendant asserted counsel was ineffective for failing to develop applicable defenses, he did not establish any such defense would likely have been successful. Further, with respect to defendant's claims that he did not receive and review relevant discovery, Judge Kazlau found his counsel reviewed the discovery with him prior to the 2017 plea hearing, and stated based on the record, it did not contain exculpatory evidence. In addition, at that proceeding, defendant stated he had the opportunity to review the discovery with counsel.

Judge Kazlau also found defendant "provided a factual basis for his plea, was aware of the charges, and was aware of the consequences of his plea," and explained he questioned defendant "extensively" during both plea colloquies. With respect to the October 3, 2016 plea hearing, the judge stated defendant represented he was not forced or pressured into pleading guilty, and acknowledged he had the opportunity to confer with counsel, and was satisfied with counsel's representation. In addition, defendant stated he wished to plead guilty, and was not under the influence of drugs, alcohol, or medication. Because defendant did not present evidence he misunderstood the court's questions, Judge Kazlau found "[t]here is nothing in the or record or

10

[defendant's] current submission that supports his claim that his 2016 plea was not knowing and voluntary, or that allowing him to withdraw the pleas would prevent a manifest injustice."

With respect to the May 5, 2017 plea, the judge found although defendant told the court he was not taking his prescribed Wellbutrin, he also stated that fact did not affect his decision to plead guilty. Further, the judge noted defendant did "not provide[] any evidence that a lack of Wellbutrin could have affected his ability to understand the court's questions, the charges, or the consequences of the plea." The judge explained defendant again indicated he was not forced or pressured into the plea, that he reviewed discovery and possible defenses with counsel, and ultimately informed the court he wanted to plead guilty. Judge Kazlau also noted at no time did defendant indicate he was mentally unstable, pressured by others, or dissatisfied with his counsel, despite "numerous opportunities to do so at both plea colloquies," and as such concluded there was nothing to support defendant's claim his 2017 plea was not knowing and voluntary.

This appeal followed in which defendant raises the following arguments[5]:

---

[5] Before us, defendant has not asserted all of the contentions he raised before Judge Kazlau. As he has failed to reprise the remaining ineffective assistance

I. THE PCR COURT MISAPPLIED THE LAW IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION HE WAS PROVIDED WITH INEFFECTIVE ASSISTANCE OF COUNSEL.

> 1. This matter must be remanded for an evidentiary hearing since plea counsel was ineffective for failing to investigate defendant's mental state and order a psychiatric evaluation to determine if his mental state allowed him to enter a voluntary plea and the PCR court used the wrong standard in denying relief.
>
> 2. Plea counsel was also ineffective for failing to review all of the discovery with defendant, failing to discuss trial strategy with defendant, and for applying undue pressure on defendant to plead guilty.

Defendant further explains these points in his merits brief by arguing his plea counsel was ineffective for failing to investigate his mental health and order a psychiatric evaluation, failing to discuss trial strategy and review discovery, and by pressuring him into pleading guilty. Defendant asserts because his claim

---

of counsel claims, we accordingly deem those unbriefed arguments waived. See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2024) ("[A]n issue not briefed is deemed waived."); Telebright Corp. v. Dir., N.J. Div. of Taxation, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

A-3087-21

depends on evidence outside the record, that is, testimony from defendant and his plea counsel, the PCR court erred in not conducting an evidentiary hearing.

Defendant also asserts, as he did before Judge Kazlau, because he was not taking prescribed Wellbutrin, among other medications, he was unable to think clearly when entering his guilty plea, and, if he had known his plea exposed him to a 364-day sentence and five years of probation, he would not have entered the plea. Additionally, defendant argues because he was not taking his medication, his plea was not voluntary. Defendant also contends, relying on Strickland, 466 U.S. at 690-91, and State v. Savage, 120 N.J. 594 (1990), his counsel's failure to investigate his mental health, constitutes prima facie evidence of ineffective assistance of counsel.

Further, defendant argues his counsel did not fully develop and discuss with him all possible defenses and strategy and maintains he wished to proceed to trial but needed more time to confer with counsel and consider the relevant discovery. Defendant also contends counsel pressured him into pleading guilty.

## II.

"[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "If the court perceives that holding

13

an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted." Ibid. (alteration in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)). We review the denial of a PCR petition with "deference to the trial court's factual findings . . . 'when supported by adequate, substantial and credible evidence.'" State v. Harris, 181 N.J. 391, 415 (2004) (alteration in original) (internal citation omitted).

Where, as here, "no evidentiary hearing has been held, we 'may exercise de novo review over the factual inferences drawn from the documentary record by the [PCR judge].'" State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (alteration in original) (quoting Harris, 181 N.J. at 421). We also review de novo the legal conclusions of the PCR judge. Harris, 181 N.J. at 415-16.

Simply raising a PCR claim does not entitle a defendant to an evidentiary hearing as a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie

outside the record, and resolution of the issues necessitates a hearing.  R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013).

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in Judge Kazlau's thorough written opinion. As the judge correctly noted, although defendant argued counsel did not develop applicable defenses, he failed to establish any of those defenses had a likelihood of success.

We agree with Judge Kazlau there is nothing in the record to support defendant's assertion he entered his pleas unknowingly or involuntarily.  Indeed, Judge Kazlau extensively and patiently questioned defendant during both plea hearings at which defendant stated he understood the terms of the plea, was not pressured into the plea, and was not under the influence of any substance that would impact his ability to understand the proceedings.

With respect to the consequences of defendant not taking his prescribed Wellbutrin, defendant stated at the May 5, 2017 hearing that fact did not affect his decision to plead guilty.  Further, as Judge Kazlau correctly stated, defendant failed to provide any evidence his failure to take Wellbutrin would have affected or impacted his ability to understand the proceedings and consequences.

Defendant's bald assertions to the contrary do not establish a prima facie Strickland claim, see Cummings, 321 N.J. Super. at 170, especially when the assertions are belied by defendant's previous in-court statements as "[s]olemn declarations in open court carry a strong presumption of verity." State v. Simon, 161 N.J. 416, 444 (1999) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

As such, we discern no abuse of the court's discretion in denying defendant's petition without an evidentiary hearing as defendant failed to satisfy either the performance or prejudice prong of the Strickland test. See State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3087-21